**MEMO ENDORSED**

# CHADBOURNE & PARKE LLP

**Thomas J. McCormack**
direct tel 212 408 5182
tmccormack@chadbourne.com



30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

RECEIVED
JUL 3 1 2012
ANDREW L. CARTER, JR.
U.S. DISTRICT JUDGE
S.D.N.Y.

July 27, 2012

**BY EMAIL**

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
500 Pearl Street, Room 725
New York, New York 10007
ALCarterNYSDChambers@nysd.uscourts.gov

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7-31-12
```

    Re: *Louisiana Municipal Police Employees' Retirement System v. Hesse et al.*,
        Case No. 1:12-cv-04017-ALC-JCF

Dear Judge Carter:

    We represent the individual defendants in this shareholder derivative action, and write pursuant to Rule 2.A. of Your Honor's Individual Practices on behalf of all defendants in the action, including nominal defendant Sprint Nextel Corporation ("Sprint"), to respectfully request a pre-motion conference concerning Defendants' anticipated motions to dismiss or, in the alternative, to stay the complaint. By letter submitted to Your Honor on May 29, 2012, the parties stipulated to extend Defendants' time to answer or otherwise respond to the complaint through July 30, 2012.

    Plaintiff's complaint purports to assert claims on behalf of Sprint against certain current and former officers and directors of Sprint to hold those individuals personally liable for a hypothetical future judgment against Sprint in a pending action commenced by the New York Attorney General in New York Supreme Court (the "State Court Action"). The complaint in the State Court Action principally alleges that Sprint improperly failed to collect certain state taxes allegedly owed by its mobile telecommunications customers. Sprint has moved to dismiss the State Court Action in its entirety for failure to state a claim arguing, *inter alia*, that the Attorney General's interpretation of the applicable New York tax statute is incorrect as a matter of law. Sprint's motion to dismiss the State Court Action will be fully briefed by August 7, 2012.

    Defendants intend to move to dismiss this complaint in its entirety pursuant to Rules 12(b)(6) and 23.1 of the Federal Rules of Civil Procedure. The bases for the motion to dismiss include:

- Plaintiff did not make a demand on Sprint's Board of Directors (the "Board") before filing suit, and its complaint fails to plead adequately that demand would

# CHADBOURNE
# & PARKE LLP

The Honorable Andrew L. Carter, Jr.        -2-                July 27, 2012

> have been futile, as is required by relevant legal precedents. Among other things, (i) the limited facts that Plaintiff has alleged do not, as a matter of law, mean that a demand would have been futile, and (ii) Plaintiff has not alleged particularized facts to demonstrate a "substantial likelihood" of personal liability on the part of any Board members — much less of a majority of Board members — for any alleged failures with respect to Sprint's tax positions, a prerequisite to establishing demand futility.

- Plaintiff's complaint likewise fails to state a claim upon which relief may be granted on any of the theories of relief alleged therein. Plaintiff's corporate waste, contribution, and indemnification claims all suffer from legal deficiencies, including the failure to plead ownership during the requisite period, the inapplicability to the tax dispute at issue and lack of ripeness.

In the alternative, in the event that their motion to dismiss were to be denied, Defendants intend concurrently to move to stay Plaintiff's action pending final adjudication of the State Court Action. The bases for this motion include:

- This shareholder derivative action is entirely dependent on the unproven and disputed allegations in the State Court Action that involve issues of first impression under New York tax law. For reasons of comity and efficiency, the New York State courts should be permitted to determine whether any New York State taxes are owed, rather than have this Court do so.

- A stay also is appropriate because this is an action for indemnity and should not proceed until a determination is made as to whether there is any underlying liability, and if so in what amount.

For the foregoing reasons, Defendants request that a pre-motion conference be scheduled at the Court's earliest convenience and that Defendants be granted leave to file motions on all available grounds to dismiss or, in the alternative, to stay this action. We appreciate the Court's attention to this matter.

Respectfully submitted,

Thomas J. McCormack

cc: Counsel of Record

*A pre-motion conference is scheduled for August 15, 2012 at 10:00 a.m. So Ordered.*

*Andrew L. Carter*
*7-31-12*

# MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7-31-12

RECEIVED
JUL 31 2012
ANDREW L. CARTER, JR.
U.S. DISTRICT JUDGE
S.D.N.Y.

Direct Dial: (617) 398-5620
Email: Jason@blockesq.com

July 30, 2012

VIA ELECTRONIC MAIL DELIVERY

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
500 Pearl Street, Room 725
New York, New York 10007
ALCarterNYSDChambers@nysd.uscourts.gov

RE: Louisiana Municipal Police Employees' Retirement System v. Hesse, et al.,
Case No. 1:12-cv-04017-ALC-JCF

Dear Judge Carter:

I represent the Louisiana Municipal Police Employees' Retirement System ("LMPERS") in the above-captioned shareholder derivative action (the "Derivative Action") and write in response to Defendants' letter to Your Honor dated July 27, 2012.[1] In their letter, Defendants request a pre-motion conference to discuss the scheduling of their anticipated motions to dismiss. LMPERS does not object to Defendants' request.[2]

Indeed, on May 29, 2012, Defendants (with the agreement of LMPERS' counsel) wrote to Your Honor regarding the scheduling of Defendants' motions to dismiss and stated, *inter alia*, as follows:

> We represent the individual defendants in this action, and I write on behalf of all parties to this action. ***The parties agree that this case was properly removed to this Court and that any further proceedings in this action should be in this Court.*** The parties further agree that Defendants will waive service of process pursuant to Federal Rule of Civil Procedure 4(d). This waiver is without prejudice to Defendants' right to seek dismissal of the complaint in this case on any ground, including a lack of personal jurisdiction, except that Defendants will not object to the manner of service. ***The parties further agree that, pursuant to Federal Rule of Civil Procedure 4(d)(3), Defendants need not answer or otherwise respond to the complaint until 60 days from today, i.e., July 30, 2012.*** (Emphasis added.)

---

[1] While Defendants' letter makes numerous factual statements and arguments that LMPERS will respond to in due course, for the sake of this letter, LMPERS simple responds to Defendants' request for a pre-motion conference.

[2] Defendants also request that the Court set a schedule regarding the briefing of a motion to stay the litigation if their motions to dismiss are denied. LMPERS believes this request is premature considering Defendants have not even filed their motions to dismiss.

**BLOCK & LEVITON LLP**   155 Federal Street, Suite 1303 • Boston, Massachusetts 02110
P 617 398 5600 • F 617 507 6020

Thus, the Parties agree that this litigation should proceed in the Southern District of New York and that the Court should set a briefing schedule on Defendants' motions to dismiss.

Respectfully submitted,

Jason M. Leviton, Esq.

cc:   Counsel of Record