UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM, Derivatively on Behalf of Itself, and All Others Similarly Situated,<br><br>       Plaintiff,<br><br> vs.<br><br>DAN R. HESSE, JOSEPH J. EUTENEUR, ROBERT H. BRUST, PAUL N. SALEH, JAMES H. HANCE, JR., ROBERT R. BENNETT, GORDON M. BETHUNE, LARRY C. GLASSCOCK, V. JANET HILL, FRANK IANNA, SVEN-CHRISTER NILSSON, WILLIAM R. NUTI, and RODNEY O'NEAL,<br><br>       Defendants,<br><br>    -and-<br><br>SPRINT NEXTEL CORP.<br><br>       Nominal Defendant. | Civil Action No. 1:12-cv-04017-ALC<br><br>ECF Case Electronically Filed |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

  Plaintiff Louisiana Municipal Police Employees' Retirement System ("Plaintiff") hereby requests that the Court take judicial notice of: (i) The State of New York's Memorandum of Law In Opposition to Sprint's Motion to Dismiss, filed by the New York Attorney General in *People of the State of New York v. Sprint Nextel Corp.*, Index No. 103917-2011 (Sup Ct, New York County July 19, 2012), attached hereto as Exhibit A; and (ii) Sprint Nextel Corporation's ("Sprint" or the "Company") press release dated April 19, 2012, attached hereto as Exhibit B.

1

This request is made pursuant to Rule 201 of the Federal Rules of Evidence and supports the arguments raised in Plaintiff's Opposition to Defendants' Motion to Dismiss.

**BASIS FOR REQUESTING JUDICIAL NOTICE**

Judicial notice is appropriate where documents outside of the complaint are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.  Fed R. Evid. 201(b); *Kaggen v. IRS*, 71 F.3d 1018, 1019 (2d Cir. 1995).  On a motion to dismiss, a court may take judicial notice of matters of public record in accordance with Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment.  *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008).  Thus, courts may take judicial notice of facts that are "matter[s] of public record thoroughly covered in the media." *Meridian Horizon Fund, LP v. Tremont Group Holdings Inc.*, 747 F. Supp. 2d 406, 410 (S.D.N.Y. 2010) (taking judicial notice of media reports of a lawsuit brought by the New York Attorney General).  At the motion to dismiss stage, judicial notice of public records establishes that the statements at issue were publicly asserted in the press or related litigation, rather than the truth contained therein.  *Conn. Mobilecom, Inc. v. Cellco P'ship (In re Conn. Mobilecom, Inc.)*, 2003 U.S. Dist. LEXIS 23063, at *17 n.3 (S.D.N.Y. Dec. 23, 2003) (taking judicial notice of press releases attached to the opposition to the motion to dismiss); *accord Staehr*, 547 F.3d at 424-25 (taking judicial notice of newspaper articles and industry publications).

It is also well-established that courts may take judicial notice of "the status of other lawsuits in other courts and the substance of papers filed in those actions." *Peoples v. Fischer*, 2012 U.S. Dist. LEXIS 62428, at *10 (S.D.N.Y. May 2, 2012); *see also*, *Schenk v. Citibank/Citigroup/Citicorp*, 2010 U.S. Dist. LEXIS 130305, at *5 (S.D.N.Y. Dec. 9, 2010)

(same).  Thus, the New York Attorney General's Memorandum of Law In Opposition to Sprint's Motion to Dismiss is suitable for judicial notice because it is a public record, highly relevant to this proceeding, and easily verifiable.  *See Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (stating that courts "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss"); *Kramer v. Time Warner, Inc*., 937 F.2d 767, 774 (2d Cir. 1991) (noting that documents filed with the court are subject to judicial notice).  As such, the existence of the legal proceedings and the allegations brought against Sprint by the New York Attorney General are facts appropriate for judicial notice in this case.

Exhibit B is a press release published *by* Sprint via Business Wire, a press release distribution service, and is still currently available on Sprint's website.  *See http://newsroom.sprint.com/article_display.cfm?article_id=2247*.  Both the content and the availability of the press release are undisputed and easily verifiable.  Courts in this jurisdiction routinely take judicial notice of press releases similar to Exhibit B.  *See e.g*., *U.S. Educ. Loan Trust III, LLC v. RBC Capital Mkts. Corp.,* 2011 U.S. Dist. LEXIS 147732, at *10 n.3 (S.D.N.Y. Dec. 20, 2011*); Conn. Mobilecom*, 2003 U.S. Dist. LEXIS 23063, at *17 n.3.

For the foregoing reasons, Plaintiff requests that this Court take judicial notice of the New York Attorney General's Opposition to Sprint's Motion to Dismiss (Exhibit A) and the Sprint's press release (Exhibit B).

Dated: October 26, 2012                              **BLOCK & LEVITON LLP**

By      /s/ Jeffrey C. Block
Jeffrey C. Block (JB 0387)
Jason M. Leviton (admitted *pro hac vice*)

3

Whitney E. Street (WS 2403)
Scott A. Mays (admitted *pro hac vice*)
155 Federal Street, Suite 1303
Boston, MA 02110
Telephone: (617) 398-5600
Facsimile: (617) 507-6020
Jeff@blockesq.com
Jason@blockesq.com
Whitney@blockesq.com

*Attorneys for Louisiana Municipal Police Employees' Retirement System*