UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOUISIANA MUNICIPAL POLICE
EMPLOYEES' RETIREMENT SYSTEM,
Derivatively on Behalf of Itself, and All Others
Similarly Situated,

                Plaintiff,

    v.

DAN R. HESSE, JOSEPH J. EUTENEUR,
ROBERT H. BRUST, PAUL N. SALEH,
JAMES H. HANCE, JR., ROBERT R.
BENNETT, GORDON M. BETHUNE,
LARRY C. GLASSCOCK, V. JANET HILL,
FRANK IANNA, SVEN-CHRISTER
NILSSON, WILLIAM R. NUTI, and
RODNEY O'NEAL,

                Defendants,
       -and-

SPRINT NEXTEL CORP.,

                Nominal Defendant.

Civil Action No.  1:12-cv-04017-ALC-JCF

ECF Case Electronically filed

## OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

| CHADBOURNE & PARKE LLP | PILLSBURY WINTHROP SHAW PITTMAN LLP |
|---|---|
| Thomas J. McCormack | E. Leo Milonas |
| Marc D. Ashley | David G. Keyko |
| Robert Kirby | 1540 Broadway |
| 30 Rockefeller Plaza | New York, NY 10036 |
| New York, NY 10112 | |
| | *Of counsel:* |
| *Attorneys for the Individual Defendants* | Dane H. Butswinkas |
| | David S. Blatt |
| | Kenneth J. Brown |
| | WILLIAMS & CONNOLLY LLP |
| | 725 Twelfth Street, N.W. |
| | Washington, DC  20005 |
| Dated:  November 16, 2012 | *Attorneys for Defendant Sprint Nextel Corp.* |

Plaintiff Louisiana Municipal Police Employees' Retirement System requests that the Court take judicial notice of (1) the New York Attorney General ("NYAG")'s brief in opposition to Sprint's motion to dismiss the State Court Action ("opposition"); and (2) an April 19, 2012 press release issued by Sprint. These requests are both legally improper and unnecessary, and should be denied.

### A. The Court Should Not Take Judicial Notice of the NYAG's Opposition Brief.

At the August 17, 2012 pre-motion conference, counsel for Sprint offered to provide the Court with a courtesy copy of all briefing on Sprint's motion to dismiss the State Court Action, including Sprint's memorandum of law, the NYAG's opposition brief, and Sprint's reply. The Court politely declined. Presumably, the Court likewise will decline Plaintiff's request to selectively take judicial notice of only the NYAG's opposition. Nonetheless, if the Court does consider any brief from the State Court Action, it should consider all of them. Accordingly, Sprint attaches its memorandum of law and reply from the State Court Action as Exhibits 1 and 2 hereto.

Considering these briefs, however, will not help the Court decide the motion to dismiss. As Plaintiff concedes, the NYAG's opposition is not properly considered for the truth of any assertion contained therein. Request for Judicial Notice (Dkt. 29) at 2.[1] Rather, Plaintiff merely asks the Court to take judicial notice of "the existence of the legal proceedings and the allegations brought against Sprint." *Id.* at 3. Those allegations, however, are derived from the NYAG's complaint, not its opposition, and Plaintiff's own complaint already incorporates the NYAG's complaint by reference. Compl. ¶ 3. Nothing further is needed. Moreover, there is no

---

[1] *See also In re Morgan Stanley Info. Fund Secs. Litig.*, 592 F.3d 347, 354 n.5 (2d Cir. 2010) (taking judicial notice of SEC court filings not "for their truth, but 'rather to establish the fact of such litigation and related filings'" (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991))).

dispute about the existence of the State Court Action or the nature of the NYAG's allegations (although the merits of those allegations are, of course, hotly contested).

In addition to being an improper subject for judicial notice, the NYAG's opposition brief is irrelevant as a matter of law to the principal issue before this Court—demand futility. As Plaintiff has emphasized, demand futility is considered "as of the time the [derivative] complaint is *filed*." Opp. (Dkt 28) at 12 (emphasis in original); *see also Rales v. Blasband*, 634 A.2d 927, 934 (Del. 1993) (same). Plaintiff filed its derivative complaint on April 30, 2012 in the New York Supreme Court.[2] The NYAG filed its opposition on July 19, 2012, more than two months later. Because the NYAG's opposition brief did not exist at the time this case was filed, it is legally irrelevant to the demand futility analysis, and there is no reason for the Court to take judicial notice of it.

### B. The Court Should Not Take Judicial Notice of Sprint's Press Release.

Nor should the Court take judicial notice of Sprint's press release. "The scant Second Circuit authority on this point suggests that press releases are not subject to judicial notice." *United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 456 (E.D.N.Y. 2007); *see also Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("We stress that our holding [that judicial notice is appropriate] relates to public disclosure documents required by law to be filed, and actually filed, with the SEC, ***and not to other forms of disclosure such as press releases*** or announcements at shareholder meetings.") (emphasis added).[3] Moreover, even if Plaintiff's

---

[2] This case was timely removed to this Court on May 21, 2012. *See* Dkt. 1 (Notice of Removal).

[3] Defendants recognize that there is contrary caselaw. *See, e.g.*, *U.S. Educ. Loan Trust III, LLC v. RBC Capital Markets Corp.*, 2011 WL 6778480, at *3 n.3 (S.D.N.Y. Dec. 21, 2011) (taking judicial notice of press release); *In re Conn. Mobilecom, Inc.*, 2003 WL 23021959, at *6 n.3 (S.D.N.Y. Dec. 23, 2003) (same). But neither of these cases provides any rationale for its holding that would apply herein. *See Loveman v. Lauder*, 484 F. Supp. 2d 259, 267 n.48 (S.D.N.Y. 2007) (considering press release on motion to dismiss only because it was referenced

2

view of the law were correct, the Court could take judicial notice of the press release only for the fact—not the truth—of its contents (which are favorable to Sprint).  *See Loveman*, 484 F. Supp. 2d at 267 n.48.  The only fact subject to judicial notice would be that Sprint is disputing the NYAG's allegations.  Defendants, however, repeatedly have made that fact clear, including in their opening brief in this case.  Mem. in Support of Mot. to Dismiss (Dkt. 23) at 1 ("Sprint has chosen to fight the NYAG's allegations because they are based on an erroneous reading of New York law, and that reading would be preempted by federal law if it were correct."); *id.* at 2 ("Sprint's position in the State Court Action is that the NYAG is ***wrong*** . . . .").  Plaintiff's request is unnecessary to establish the only fact of which judicial notice could be properly taken.

## CONCLUSION

For the foregoing reasons, Plaintiff's Request for Judicial Notice should be denied.

---

in plaintiff's complaint, and rejecting "suggesti[on] that the Court may take judicial notice of anything contained in a document that is a matter of public record").

Dated:  November 16, 2012
        New York, NY                    Respectfully submitted,


                                        CHADBOURNE & PARKE LLP

                                        By    /s/ Thomas J. McCormack
                                              Thomas J. McCormack
                                              Marc D. Ashley
                                              Robert Kirby
                                              30 Rockefeller Plaza
                                              New York, NY 10112
                                              E-Mail:  tmccormack@chadbourne.com

                                        *Attorneys for the Individual Defendants*


                                        PILLSBURY WINTHROP SHAW PITTMAN LLP

                                        By    /s/ E. Leo Milonas
                                              E. Leo Milonas
                                              David G. Keyko
                                              1540 Broadway
                                              New York, NY 10036
                                              E-Mail:  eleo.milonas@pillsburylaw.com

                                        *Of counsel:*

                                        Dane H. Butswinkas
                                        David S. Blatt
                                        Kenneth J. Brown
                                        WILLIAMS & CONNOLLY LLP
                                        725 Twelfth Street, N.W.
                                        Washington, DC  20005
                                        E-Mail:  dbutswinkas@wc.com

                                        *Attorneys for Defendant Sprint Nextel Corp.*